IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 3:20cr55

**KELLEN THOMAS DONELSON,**

**Petitioner.**

### MEMORANDUM OPINION

Kellen T. Donelson, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion"). (ECF No. 52.) The United States has responded. (ECF No. 58.) Mr. Donelson has filed a reply. (ECF No. 67.) For the reasons that follow, the § 2255 Motion will be DENIED.

### I. Pertinent Factual and Procedural History

On December 5, 2019, Mr. Donelson was charged in a Criminal Complaint with Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (B). (ECF No. 1, at 1 (sealed).)[1] Mr. Donelson was arrested the next day. (ECF No. 5, at 1.)

Eventually, on June 2, 2020, Mr. Donelson was charged in a Criminal Information with production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and 2256(2). (ECF No. 25, at 1.) On June 24, 2020, Mr. Donelson entered in a Plea Agreement and agreed to plead guilty to the charge in the Criminal Information.[2] (ECF No. 35, at 1.) In the Statement of Facts supporting the Plea Agreement, Mr. Donelson agreed that the factual allegations contained in the

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions. The Court omits the emphasis in the quotations from Donelson's submissions.

[2] Donelson was represented by Carolyn V. Grady, of the Office of the Federal Public Defender (Richmond).

Statement of Facts were true and agreed "that at trial, the United States would have proven the following facts beyond a reasonable doubt." (ECF No. 36, at 1, 3.) Accordingly, Mr. Donelson agreed that:

    1.    On or about August 4, 2017, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, KELLEN THOMAS DONELSON, did intentionally employ, use, persuade, induce, entice, and coerce a minor, to wit: Minor 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, a video file with the file name "video_0002377.mov" depicting simulated sexual intercourse and lascivious exhibition of the genitals, the foregoing video depicting an actual child engaging in sexually explicit conduct as defined by Title 18, United States Code, Section 2256(2).

    2.    In or about August 2017, when Minor 1 was approximately four years old, DONELSON used Minor 1 to engage in sexual acts. On multiple occasions, DONELSON took pictures and recorded videos of Minor 1 nude, of Minor 1 touching his penis, or of his penis touching Minor 1, including while Minor 1 appeared to be sleeping.

    3.    Specifically, on or about August 4, 2017, DONELSON used an iPhone 5(c) to take a digital video of himself rubbing his erect penis against Minor 1's exposed genital area. This video serves as the basis for Count One of the Criminal Information filed in this matter.

    4.    At the time DONELSON produced this video Minor 1 was four years old.

    5.    DONELSON produced the aforementioned video in Fredericksburg, Virginia, which is located in the Eastern District of Virginia.

    6.    The iPhone 5(c) is manufactured by Apple outside of the Commonwealth of Virginia.

    7.    The aforementioned video was backed up on DONELSON'S personal laptop, a Toshiba laptop Model PSLB8U-0C403F with serial number Z8325404Q. DONELSON also maintained child pornography, including pornographic photos and videos he produced using Minor 1, on his personal iPhone 8+ with serial number FI7VT6ZBJCLQ. These two devices are the devices listed in the Forfeiture Notice of the Criminal Information filed in this matter.

2

      8.    This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every act known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

(ECF No. 36, at 1–3.)

A Presentence Report was prepared in conjunction with Mr. Donelson's sentencing. Mr. Donelson had a Total Offense Level of 41 and was a Criminal History Category of I, with a corresponding discretionary Sentencing Guidelines range of 324 to 360 months' imprisonment. (ECF No. 39 ¶¶ 72, 73.) The Court ultimately sentenced Donelson to 360 months of imprisonment. (ECF No. 48, at 2.)

## II. Mr. Donelson's Claims

In his § 2255 Motion, Mr. Donelson asserts that he was denied the effective assistance of counsel. (ECF No. 53, at 1.) Specifically, Mr. Donelson contends that his right to effective representation was violated based on the following:

| | |
|---|---|
| Claim A | "COVID-19: Due to COVID-19 pandemic guidelines and procedures, jail visitation was restricted." (ECF No. 53, at 1.) |
| Claim B | "Prejudice in search warrant execution." (ECF No. 53, at 2.) |
| Claim C | "Prejudice in interrogation execution." (ECF No. 53, at 3.) |
| Claim D | "Enhancements and double-counting." (ECF No. 53, at 5.) |
| Claim E | "Reasonableness and disproportionality of the sentence." (ECF No. 53, at 6.) |

## III. Analysis

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable

3

professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by Mr. Donelson that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

4

### A.      Limited Access to Counsel

In Claim A, Mr. Donelson contends that he was denied the effective assistance of counsel because COVID-19 protocols limited the amount of time he could communicate with counsel. Initially, the Court notes that conclusory allegations of insufficient interactions with counsel or inadequate investigation by counsel are insufficient "absent a proffer of what favorable evidence or testimony [or defense] would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) (citing *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990)); *Myers v. United States*, No. 3:19-cr-189-FDW-DCK-2, 2021 WL 2210894, at *6 (W.D.N.C. June 1, 2021) (rejecting petitioner's limited interactions with counsel due to COVID-19 restrictions and concluding "counsel is not required to meet with a criminal defendant any particular number of times to provide effective assistance"). Furthermore, Mr. Donelson assured the Court during his plea proceedings that: he "had a sufficient opportunity to discuss everything about [his] case with [his] attorney, including any possible defenses as well as the decision of whether or not to plead guilty . . . ." (ECF No. 55, at 7:23–8:4.) Mr. Donelson further assured the Court the Court that he was "entirely satisfied with what Ms. Grady had done for [him]." (ECF No. 55, at 8:10–14.) Given the conclusory nature of Mr. Donelson current allegations and his prior sworn representations, Mr. Donelson fails to demonstrate deficiency of counsel or resulting prejudice. Accordingly, Claim A will be DISMISSED.

### B.      Failure to Pursue Motions to Suppress

In Claim B, Mr. Donelson complains that counsel performed deficiently by failing to move to suppress evidence obtained in conjunction with his arrest. First, Mr. Donelson contends that officers inappropriately seized a cell phone from his person and then searched the same. (ECF No. 53, at 2.) However, the warrant for the search of Mr. Donelson's premises authorized

"the seizure of computers, electronic devices . . . to include an on-site and off-site forensic examination to seize such contraband, evidence, and instrumentalities." (ECF No. 10, at 7–8.) Therefore, Mr. Donelson fails to demonstrate that the seizure and search of his phone provided a viable basis for a motion to suppress.

Additionally, Donelson complains that "counsel failed to question why the Petitioner was the only party targeted by law enforcement when the scope of the search was for receipt and distribution." (ECF No. 53, at 3.) However, the investigation that led to the search of Mr. Donelson's residence reflected that Mr. Donelson's internet, wireless, and email information was associated with the distribution/possession of child pornography. (ECF No. 4-2 ¶¶ 5–13.) Given these circumstances, counsel reasonably declined to pursue the investigation Mr. Donelson urges here.

Next, Mr. Donelson contends that the officers who conducted the search "failed to prepare and verify inventory of seized property in the presence of the residents, despite their availability" in violation of Federal Rule of Criminal Procedure 41(f)(1)(B).[3] (ECF No. 53, at 2–3.) However, the return of the search warrant reflects that the officer who conducted the search, prepared an inventory of the property seized in the presence of another officer and left a copy of the inventory with Mr. Donelson, who was also present during the execution of the search warrant.[4] In light of these circumstances, Mr. Donelson fails to demonstrate that counsel had a viable basis for moving to suppress the items seized. Accordingly, Mr. Donelson fails to

---

[3] That rule provides, in pertinent part: "An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. The officer must do so in the presence of another officer and the person from whom, or from whose premises, the property was taken." Fed. R. Crim. P. 4(f)(1)(B).

[4] Search and Seizure Warrant at 2, ECF No. 5, *In the Matter of the Search of 3401 Baymeadows Way, Apartment 322,* 3:19SW349 (E.D. Va. filed Sept.15, 2022).

demonstrate that counsel performed deficiently or that he was prejudiced because counsel did not pursue a motion to suppress on the grounds that Mr. Donelson urges here. Claim B will be DISMISSED.

In Claim C, Mr. Donelson argues that counsel should have moved to suppress any statements he made to the police because he was separated from his wife, and "[d]espite the Petitioner asking to know what was going on, officers refused to answer. Instead, officers told the Petitioner that they wouldn't tell him what's going on unless he first agreed to sign the *Miranda*[5] rights and talk with the officers." (ECF No. 53, at 3–4.)[6] Counsel reasonably declined pursuing a motion to suppress here because Mr. Donelson's statements to the police were not the critical evidence of his guilt. Rather, the child pornography recovered from Mr. Donelson's phone and other devices provided incontrovertible proof of his guilt of the crime charged in the criminal information and numerous additional offenses, including multiple counts of producing child pornography and possession of child pornography. Given these circumstances, counsel reasonably perceived that her resources were best devoted to pursuing a plea that limited her client's sentencing exposure. Furthermore, given the incontrovertible evidence of his guilt on the offense charged and multiple other offenses, Mr. Donelson fails to demonstrate that he was prejudiced by counsel's failure to pursue a motion to suppress his statements to the police. Specifically, no reasonable probability exists that had counsel filed a motion to suppress, a rational defendant in Mr. Donelson's position would have pled not guilty

---

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[6] The Government does not address whether Mr. Donelson's version of his questioning by the police is accurate.

7

and insisted on going to trial. *Meyer*, 506 F.3d at 369–70.[7] Accordingly, Claim C will be DISMISSED because Mr. Donelson fails to demonstrate deficiency or prejudice.

### C. Alleged Errors at Sentencing

In Claim D, Mr. Donelson faults counsel for failing to object to alleged, improper "double-counting" under the Sentencing Guidelines where "a 4-level increase under 2G2.1(b)(1)(A) as well as a 4-level increase under 2G2.1(b)(4)(B)" were applied in calculating his Offense Level. (ECF No. 53, at 5.) "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *United States v. Reevey*, 364 F.3d 151, 158 (4th Cir. 2004). Nevertheless, "there is a presumption that double counting is proper where not expressly prohibited by the guidelines." *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010) (citation omitted). Section 2G2.1(b)(1)(A) provides for a 4-level enhancement "[i]f the offense involved a minor who had . . . not attained the age of twelve years." U.S.S.G. § 2G2.1(b)(1)(A). Section 2G2.1(b)(4)(B) provides for an additional 4-level enhancement "[i]f the offense involved material that portrays . . . an infant or toddler." U.S.S.G. 2G2.1(b)(4)(B). Here, the Sentencing Guidelines do not suggest that the application of both these guidelines is prohibited.[8] Further, the Court

---

[7] Mr. Donelson has not even alleged that he would have proceeded to trial had counsel pursued a motion to suppress his statements. This omission is fatal to Claim C. *See Hill*, 474 U.S. at 60 (concluding "that petitioner's allegations are insufficient to satisfy the . . . requirement of 'prejudice'" where petitioner failed to allege that, but for counsel's deficient performance, "he would have pleaded not guilty and insisted on going to trial").

[8] For example, it may be improper double counting to apply an enhancement under U.S.S.G. § 2G2.2(b)(4) and under U.S.S.G. § 3A1.1(b)(1) for a vulnerable victim. The United States Court of Appeals for the Sixth Circuit provides this helpful explanation:

8

concluded at sentencing that the application of both these enhancements was appropriate. (ECF No. 56, at 46:23–24 ("I certainly make the legal conclusion that it is not double counting . . . .").) Accordingly, counsel reasonably refrained from the objection that Mr. Donelson urges here.[9] Claim D will be DISMISSED because Mr. Donelson fails to demonstrate deficiency of counsel or resulting prejudice.

Lastly, in Claim E, Mr. Donelson contends that counsel should have objected that: his sentence was "unreasonable and disproportionate" relative to similar offenders; the Court failed to engage in a meaningful analysis of the 18 U.S.C. § 3553(a) factors; failed to consider his personal characteristics; and his sentence violated the Eighth Amendment. (ECF No. 53, at 6–7.) These arguments lack merit. Mr. Donelson's sentence was not unreasonable or disproportionate or violative of the Eighth Amendment. *See, e.g., United States v. Hoover*, 95 F.4th 763, 777–78 (4th Cir. 2024) (affirming 840-month sentence for two counts of child

---

> Until recently, § 2G2.2(b)(4) covered only material that depicted "sadistic or masochistic conduct or other depictions of violence." But in 2016, the Sentencing Commission amended that provision to include material that depicted "sexual abuse or exploitation of an infant or toddler." It did so to resolve a circuit split over whether the "vulnerable victim" enhancement in § 3A1.1(b) applied to victims who were vulnerable only because they were very young (*i.e.*, infants or toddlers). Rather than amend § 3A1.1(b), though, the Commission amended § 2G2.2(b)(4) to cover infants and toddlers. *See generally* U.S.S.G. supp. to app. C, amend. 801, at 133–35. The new provision states: "If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, increase by 4 levels." U.S.S.G. § 2G2.2(b)(4). The Commission also added commentary that instructs: "If subsection (b)(4)(b) applies, do not apply § 3A1.1(b)." *Id.* cmt. n.4.

*United States v. Nichols*, 943 F.3d 773, 774–75 (6th Cir. 2019).

[9] Counsel argued for a variant sentence based, *inter alia*, on the application of both of these provisions. (ECF No. 56, at 38.) The Court denied that request. (ECF No. 47, at 1.)

9

pornography); *See United States v. Dowell*, 771 F.3d 162, 167–69 (4th Cir. 2014) (concluding 960–month sentence for child pornography offenses does not constitute cruel and unusual punishment under the Eighth Amendment). Furthermore, the Court considered fully Mr. Donelson's personal characteristics and the § 3553(a) factors. (ECF No. 56, at 48–54.) Counsel reasonably eschewed the objections Mr. Donelson urges here. Accordingly, Claim E will be DISMISSED because Donelson fails to demonstrate deficiency of counsel or resulting prejudice.

## IV. Conclusion

Mr. Donelson's claims and the action will be DISMISSED. The § 2255 Motion (ECF No. 52) will be DENIED. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Mr. Donelson has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4/10/2024  
Richmond, Virginia

/s/ M. Hannah Lauck  
United States District Judge

10